HARDY, Judge.
This is an action in which plaintiff seeks recovery of compensation as for total permanent disability from his employer and the employer’s insurer, who are named as defendants. From a judgment in favor of defendants rejecting plaintiff’s demands he has appealed.
Plaintiff is an experienced tile setter who was employed in such capacity by the *495 defendant, Edmondson Brick & Tile Company, Inc.
As the basis of his suit plaintiff’s petition made the following allegation:
“On or about June 24, 1957, while acting in the course of his employment for the employer while engaged in handling and setting marble at the North Monroe Junior High School in the City of Monroe, Louisiana, a slab of marble which petitioner was setting fell and struck petitioner’s back.”
The petition further alleged that plaintiff received compensation at the rate of $35 per week covering the period from June 24th through September 24, 1957.
In answer, defendants generally denied the material allegations of plaintiff’s petition; admitted the payment of compensation under the allegedly mistaken belief that plaintiff had sustained an accident; denied the actual occurrence of the accident on the basis of subsequent information and prayed for reservation of their rights to proceed against plaintiff in a separate action for the recovery of the amounts erroneously paid.
The sole issue tendered by this appeal is purely factual in nature and involves the controlling question as to the proof of the occurrence of the accident.
Examination of the record has so firmly convinced us of plaintiff’s failure to establish the occurrence of the accident that we are not disposed to detail the overwhelming preponderance of the evidence in favor of defendants upon which our conclusion is based. The flagrant, inexplicable and irreconcilable inconsistencies in the testimony of plaintiff and his witnesses as to the circumstances surrounding the purported accident are inescapable. We disregard the well established principle, and the authorities cited in support thereof by diligent counsel for plaintiff, to the effect that courts are loathe to stigmatize a claimant as a malingerer inasmuch as there is no such issue involved herein. The only question which we think properly addresses itself to our attention concerns the credibility of plaintiff and his witnesses and the validity of the factual circumstances to which they testified.
We wish to point out that this is not a case which involves simply an immaterial and unsubstantial error in connection with the fixing of the date of an alleged compensable accident. If plaintiff had inaccurately alleged the date of the occurrence of the accident, a reasonable latitude would be allowed in the correction thereof. The truth of the matter is that plaintiff has not, in any degree whatsoever, established the occurrence of the accident for which he seeks compensation. The testimony of plaintiff and his witnesses as to the time, as to the facts surrounding the accident, as to the parties actually present, are in such irreconcilable and substantial variance as to prohibit any acceptable explanation on the ground of immaterial and inadvertent error.
We particularly point out the fact that the testimony of both plaintiff and his wife as to plaintiff’s attempts to work, following the occurrence of the alleged accident and shortly prior to trial, was conclusively impeached. The party who plaintiff testified had employed him was summoned as a witness for plaintiff, but he was not called. Subsequently this witness was interrogated by representatives of the defendants; on proper application the case was reopened for the reception of his testimony, and the witness testified positively and conclusively that the plaintiff had never, at any time nor for any period, been in his employ.
As opposed to the faulty and unbelievable testimony of plaintiff and his witnesses, the defendant produced the written work records of the plaintiff and several of his witnesses, which records indisputably established the following facts; that neither plaintiff nor his brother-in-law, who was his key witness, had worked on defendant’s job at the North Monroe *496 Junior High School at any time after June 6, 1957, a date some eighteen days prior to the alleged occurrence of the accident; that another witness tendered by plaintiff, variously asserted to have been present either at or shortly after the occurrence of the alleged accident, had not been employed on the job at the North Monroe Junior High School at the same time as the plaintiff on any single day during the month of June, 1957.
The testimony of the treating physicians does not establish any history given by plaintiff which would have connected his physicial ailments with the occurrence of an accident.
Continuance of a discussion of these inconsistencies would only be cumulative, would serve no essential purpose, and would unnecessarily encumber this opinion.
The judgment appealed from is affirmed at appellant’s cost.